UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN DEAN PARKS,

    Plaintiff,

    v.

KEVIN CHAPPELL, *et al.*,

    Defendants.
_____/

No. C-14-1186 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Steven Dean Parks, an inmate at San Quentin State Prison, commenced this action by filing a complaint in Marin County Superior Court. Defendants then removed the action to federal court because the complaint about medical care appeared to include claims for violations of Parks' rights under the U.S. Constitution presented a federal question. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint alleges that warden Chappell and Dr. Denise Reyes were negligent, deliberately indifferent and violated equal protection in their handling of Mr. Parks' medical issues. The complaint is rather difficult to understand but appears to allege that Mr. Parks is a chronic care patient and he was refused a primary care provider because defendant Dr. Reyes "refused to take [him] as a patient from March 26, 2013 till the day of July 30, 2013." Docket # 1-2 at 6. (An inmate appeal response attached to the complaint indicates that Mr. Parks was seen by a physician's assistant on March 26, 2013 for a chronic care follow-up appointment, with a "CCP follow up appointment" scheduled in 16-18 weeks, and was seen by his primary care provider on July 30, 2013. Docket # 1-2 at 8.)

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). With regard to medical care, a defendant violates the Eighth Amendment only if (1) the medical need is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer*, 511 U.S. at 834.

The complaint fails to state an Eighth Amendment claim because it does not allege a serious medical need. Mr. Parks' complaint appears to be about the failure to designate a primary care provider for him, but not having a designated doctor for four months does not alone show the existence of a serious medical need. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *See McGuckin*, 974 F.2d at 1059 (quoting *Estelle v. Gamble*, 429 U.S. at 104). Mr. Parks does not allege, for example, that he needed specific care during that four month period that he was unable to obtain just because Dr. Reyes had not been designated as his primary care

2

provider. The inmate appeal response he attached as an exhibit to his complaint indicates that the four-month period was the interval between regular chronic care program appointments.

The complaint fails to state an Eighth Amendment claim for the additional reason that it does not allege any facts suggesting that any defendant acted with deliberate indifference. A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (citation omitted). In his amended complaint, Mr. Parks must allege facts showing that what each defendant did or failed to do amounted to deliberate indifference to his medical needs.

The complaint uses the phrase "equal protection," *see* Docket # 1-2 at 5, 6, but does not allege any facts that suggest a defendant violated Mr. Parks' rights under the Equal Protection Clause of the Fourteenth Amendment. Leave to amend will be granted so that he may attempt to allege an equal protection claim. "To state a § 1983 claim for violation of the Equal Protection Clause "'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

Leave to amend is granted so that Mr. Parks may file an amended complaint to attempt to allege an Eighth Amendment claim and an equal protection claim. Mr. Parks must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

///

///

### III. CONCLUSION

Defendants' request for the Court to screen the complaint is GRANTED. (Docket # 2.) This order does the screening under 28 U.S.C. § 1915A of the prisoner-plaintiff's complaint.

The amended complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend is granted so that Mr. Parks may attempt to allege a violation of his constitutional rights. He also should allege again his state law negligence claim if he wishes to pursue it. The amended complaint must be filed no later than **April 30, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Parks is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the federal claims and the remand of this action back to state court.

IT IS SO ORDERED.

Dated: March 26, 2014

EDWARD M. CHEN
United States District Judge